HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHEYANNE DIXSON,

　　　　Plaintiff,

　　v.

CITY OF ISSAQUAH POLICE
DEPARTMENT, *et al.*,

　　　　Defendants.

Case No. 2:22-cv-1771 RAJ

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter comes before the Court on Defendant's motion for summary judgment. Dkt. # 21. For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

In September 2021, the City of Issaquah ("City") imposed a vaccination requirement for City employees in response to a spike during the COVID-19 pandemic. Dkt. # 23-1 at 17. Plaintiff Cheyanne Dixson, a patrol officer in the City's Police Department, requested a religious exemption from the requirement. *Id.* at 27. Dixson

ORDER – 1

believes in the Christian religion. *Id.* She sought a religion exemption based on: (1) the betrayal of faith as God as her ultimate healer; (2) the corruption of blood with unnatural components not created by God; and (3) the use of aborted fetal tissue in the manufacture of COVID-19 vaccine in disregard of the sanctity of life. *Id.*

On October 1, 2021, the City informed Dixson that it was granting her exemption request, but it would need more time to evaluate whether a reasonable accommodation was available and whether that accommodation posed an undue hardship. *Id.* at 32-33. Several weeks later, the City sent Dixson a letter explaining that it would not be able to accommodate her in performing her police officer duties unvaccinated without imposing an undue hardship on the City. *Id.* at 35. In analyzing whether an accommodation could be made, the City explained that it would evaluate the duties, responsibilities and working conditions of the police officer position. *Id.* at 33. Relevant factors included: the daily direct contact that police officers have with the public when delivering services, the workplace environment where police offers are subject to close contact with other employees and developments with the virus that have made COVID-19 more contagious and easier to transmit. *Id.* at 33. Although the City determined that it would impose an undue hardship to allow Dixson to continue performing her duties unvaccinated on an ongoing basis, the City offered to accommodate her for a limited period through December 15, 2021. *Id.* at 36. During this intermediate period, Dixson was required to take a COVID-19 test two times a week at the beginning of her shift under the supervision of her supervisor. *Id.* at 34-36. She was also required to wear an N-95 mask at all times and eat in her vehicle, outside, or off site. *Id*

Dixson received a Notice of Intent to Separate on February 2, 2022, after which she requested, and received, a Loudermill hearing. *Id.* at 43. At the expiration of the extended MOU period, Dixson had not become fully vaccinated. Dixson was separated from the City effective February 16, 2022.

On December 15, 2022, Dixson filed her complaint in federal court against "the

ORDER – 2

City of Issaquah Police Department, Mayor Mary Lou Pauly, Wally Bobkiewicz, and DOES 1-25." Dkt. # 1. She asserted three causes of action: (1) a failure to accommodate her religious beliefs as required by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e; (2) a parallel claim under Washington's Law Against Discrimination, RCW 49.60; and (3) a due process claim under 42 U.S.C. § 1983 based on alleged violations of RCW 41.12.050 and the Issaquah Civil Service. *Id.* Dixson subsequently stipulated to the dismissal of Defendants Pauly and Bobkiewicz. Dkt. # 14.

### III. LEGAL STANDARD

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

### IV. DISCUSSION

#### I. The Issaquah Police Department Cannot Be Sued

The Issaquah Police Department is the only remaining defendant and argues that it is not an entity that can sue or be sued. Dkt. # 21 at 15. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Bondurant v. City of Battleground*, 2016 WL 6973267, at *7 (W.D. Wash. Nov. 28, 2016) (quoting *Avery v. Cnty. of Burke,* 660 F.2d 111, 113-14 (4th Cir.

ORDER – 3

1981)). The Court agrees with the Issaquah Police Department that it is not a proper defendant and that Washington courts have reached this conclusion on several occasions. *Lumsden v. City of Bremerton Police Dep't*, 2020 WL 2512880, at *2 (W.D. Wash. May 15, .2020); *Bondurant*, 2016 WL 6973267, at *7; *Runnels v. City of Vancouver*, 2011 WL 1584442, at *10–11 (W.D. Wash. Apr. 27, 2011) (citing *Nolan v. Snohomish Cty.*, 59 Wn. App. 876, 883 (1990)) ("because current Washington case law indicates that a police department is not a legal entity with the capacity to be sued, Defendants are entitled to summary judgment of [the plaintiff's] claims against [the police department].")

Dixson responds that she named the City of Issaquah as a party within her Complaint and referred to "the City" within the body of the complaint and other pleadings. Dkt. # 26 at 15. She also argues that the Issaquah Police Department has not claimed a failure of service against the City and that this defect is curable through amendment. *Id.* at 15-16.

However, Dixson has not created a dispute of fact as to whether she has named or served a proper defendant. First, Dixson did not include the City of Issaquah in her complaint caption, and the docket in this matter shows the City is not listed as a party to this case. Second, Dixson also did not obtain or serve a summons that named the City of Issaquah, and thus, she did not properly serve the City with process.[1] *See* Dkt. # 3. Under Rule 4(a), the summons must bear the name of the party to whom it is directed. Fed. R. Civ. P. 4(a). Finally, the issue was specifically raised in Defendant's amended answer which states that "[p]laintiff has failed to name the proper party as defendant, as the Issaquah Police Department is not a legal entity capable of being sued." Dkt. # 10 at 6.

Because the City of Issaquah Police Department lacks the capacity to be sued, it must be dismissed from this action. *See Shaw v. City of Bremerton Police* Dep't, 2020

---

[1] Although Dixson did serve the Mayor, the summons makes clear that the Mayor was sued and served as an individual, and not on behalf of the City of Issaquah. Dkt. # 3. Dixson then dismissed her claims against the Mayor with prejudice. Dkt. # 14.

ORDER – 4

WL 816046, *2 (W.D. Wash. Feb. 19, 2020) (stating that the corrective for the failure to name the correct party is the dismissal of the wrongly-named party).

### II.   Leave to Amend

In her response to the City of Issaquah Police Department's motion for summary judgment, Plaintiff asks for leave to amend to substitute the City of Issaquah. Dkt. # 26 at 16.

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the moving party 'was not diligent, the inquiry should end.' " *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017), *cert. denied*, 17-1490, 2018 WL 2046246 (U.S. Oct. 1, 2018) (quoting *Johnson*, 975 F.2d at 609).

As noted, the City of Issaquah Police Department filed its amended answer to Dixson's complaint on February 9, 2023 asserting affirmative defenses including failure to name a proper party as a defendant. Dkt. # 10 at 6. The deadline to amend pleadings was August 2, 2023. Dkt. # 12. However, Dixson only now seeks to amend the pleading in response to the motion for summary judgment and has offered no explanation for the undue delay. Therefore, the Court finds that Dixson has not been diligent in seeking amendment and the inquiry ends there. *Neidermeyer*, 718 F. App'x at 489.

### V.   CONCLUSION

Therefore, it is hereby **ORDERED** that the City of Issaquah Police Department's motion for summary judgment, Dkt. # 21, is **GRANTED**.

ORDER – 5

The Clerk shall enter a **JUDGMENT** and close the case.

DATED this 9th day of January, 2024.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 6